# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DWIGHT LEE CROSDALE, | : | HABEAS CORPUS |
| GDC # 1184704, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : |  |
|  | : |  |
| v. | : |  |
|  | : | CIVIL ACTION NO. |
| DANNIE THOMPSON, Warden, | : | 1:10-CV-2030-TWT-GGB |
| Smith State Prison; MICHAEL J. | : |  |
| BOWER, Attorney General, | : |  |
|     Respondents. | : |  |

## FINAL REPORT AND RECOMMENDATION

Petitioner, Dwight Lee Crosdale, an inmate at the Smith State Prison in Glennville, Georgia, has filed the instant habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  This matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").

Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient

on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  28 U.S.C.§ 2254, Rule 4 Advisory Committee Notes.

## Background

According to Petitioner, he entered a guilty plea on February 24, 2005, in the DeKalb County Superior Court to two counts of burglary and was sentenced to five years of probation and 150 hours of community service.  [Doc. 1 at 2].  Petitioner indicates that he did not appeal his convictions and sentence, and that he has not filed any other petitions, motions, or applications with respect to his convictions in state or federal court.  [<u>Id.</u>].  Petitioner also does not specify any grounds for relief in the instant petition.

## Discussion

Federal habeas relief is available to correct only federal constitutional injury. 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Wainwright v. Goode</u>, 464 U.S. 78, 83-84 (1983).  Here, Petitioner has failed to raise any claims alleging that his constitutional rights were violated in his state criminal proceedings. In addition, it does not appear from the face of the petition that Petitioner has

2

exhausted any of the state remedies available to him.  <u>See</u> 28  U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) (interpreting § 2254(c) and holding that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process).   Accordingly, Petitioner's petition is subject to dismissal.

## **Certificate of Appealability**

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  <u>See</u>

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The undersigned finds that Petitioner has failed to make a substantial showing of being denied a constitutional right. Petitioner has not raised any federal constitutional claims challenging his state convictions and sentence, and it does not appear that he has exhausted his state remedies. Thus, a certificate of appealability should not issue. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

<u>**Conclusion**</u>

Based on the foregoing, **I RECOMMEND** that the instant action be **DISMISSED** pursuant to Rule 4.

The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 6th day of January, 2011.


_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4

5